Filed 3/23/22  P. v. Martinez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077034 |
| v. | (Super.Ct.No. RIF095228) |
| JOHNNY MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molly, Judge. Affirmed.

Patricia Ann Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Johnny Martinez appeals two orders of the Riverside County Superior Court.  One is the court's summary denial of his petition made pursuant to section 1170.95 of the Penal Code seeking resentencing of convictions on one count of

1

second degree murder in violation of section 187 and one count of first degree attempted murder in violation of sections 664 and 187.[1] The other is the denial of his motion to correct his sentence made pursuant to rule 60(b) of the Federal Rule of Civil Procedure. We affirm.

## BACKGROUND

### 1. The circumstances leading to defendant's conviction

The background leading up to defendant's petition for resentencing is taken from the record on appeal and our opinion issued in defendant's appeal from the judgment, *People v. Martinez* (June 18, 2004, E033679) [nonpub. opn.] (*Martinez I*).

In 2001, defendant, a gang member, set out with other gang members to fight the murder victim (a rival gang member) who had thrown a beer bottle either at defendant or defendant's car a few weeks earlier. Although various witnesses gave different accounts detailing how the crimes unfolded, each concluded defendant shot and killed the bottle-thrower. He also shot another person, Jimmy, in the hip and in the back.

A jury convicted defendant of second-degree murder and premeditated attempted murder, and of committing both crimes for the benefit of a criminal street gang and with the personal use of a firearm causing great bodily injury or death. In bifurcated proceedings, defendant pled guilty to being an ex-felon in possession of a firearm and the court found true an allegation that he had suffered a prior strike. Defendant was sentenced to two life terms, plus 80 years to life.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

Defendant appealed the judgment. (*Martinez I, supra,* E033679.) We instructed the trial court to amend the abstract of judgment to properly reflect the sentence imposed, and affirmed the judgment in all other respects. (*Ibid.*)

### 2. *Defendant's petition for resentencing*

In 2018, the Legislature eliminated natural and probable consequences liability for murder and narrowed the scope of the felony-murder rule by passage of Senate Bill No. 1437, effective January 1, 2019. (Stats. 2018, ch. 1015.) The bill substantively amended sections 188 and 189 to ensure liability for murder would be limited to persons who (i) are the actual killer, (ii) are not the actual killer but, with the intent to kill, the person aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, or (iii) are a major participant in the underlying felony and acted with reckless indifference to human life as described in section 190.2, subdivision (d). (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

The bill also added section 1170.95. (Added by Stats. 2018, ch. 1015, § 4 (Sen. Bill No. 1437), effective Jan. 1, 2019; amended by Stats. 2021, ch. 551, § 1 (Sen. Bill No. 775), effective Jan. 1, 2022.) That provision sets forth the procedures for persons to petition to vacate their sentence and to be resentenced for any remaining counts if they (i) were convicted prior to January 1, 2019 of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime or attempted murder under

3

the natural and probable consequences doctrine to petition, and (ii) if they could not now be convicted under sections 188 and 189 as amended by Senate Bill No. 1437. (§ 1170.95, subd. (a); *Lewis*, *supra*, 11 Cal.5th at p. 959.)

On April 2, 2021, defendant filed a form petition pursuant to section 1170.95 to which he attached a handwritten "Notice of Petition and Petition for Resentencing" and a "Memorandum of Points and Authorities" with supporting declaration and exhibits. The exhibits included a copy of the felony complaint against him, a selection of jury instructions, and copies of the jury verdict forms reflecting the conviction of second degree murder and attempted murder.

The sentencing court appointed counsel for defendant and set the matter for a status hearing. At the status hearing, the court summarily denied the petition. Defendant appealed.

### 3. *Defendant's motion to correct his sentence*

Within a few weeks of the denial of his 1170.95 petition, defendant filed a motion pursuant to rule 60(b) of the Federal Rules of Civil Procedure. In that motion, he argued the trial court had erred when it doubled his sentence because the prior strike he had suffered (a 1999 conviction for assault with a deadly weapon in violation of section 245, subdivision (a)(1)) was not a serious or violent felony. The court denied the motion and defendant appealed.

## DISCUSSION

Defendant's counsel has filed a "no-issues" brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738 setting forth statements of the case and facts. Counsel suggests two potentially arguable issues: (i) whether the trial court erred in denying defendant's petition for resentencing; and, (ii) whether the court erred in denying defendant's motion to correct his sentence that he argued was unauthorized.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. In a handwritten letter, defendant raises four arguments.

First, he claims his conviction and sentence on the second degree murder charge is invalid because, due to Senate Bill 1437's amendments to sections 188 and 189, a jury can no longer be instructed on the crime of second degree murder. He is incorrect. The bill did not affect the liability of a person who is the actual killer of the victim. (*Lewis*, *supra*, 11 Cal.5th at p. 957.) Here, defendant was charged with killing the victim with deliberation, premeditation, and malice aforethought, the court instructed the jury on malice aforethought, and the jury found defendant guilty as charged.

Second, defendant acknowledges he had counsel present at the status hearing on his section 1170.95 petition, but complains counsel was not appointed in accordance with procedural guidelines. Contrary to defendant's claim, the record establishes the sentencing court set a status conference hearing and appointed counsel upon receipt of

5

defendant's petition, which is in keeping with the requirement set forth in subdivision (b)(3) of section 1170.95.

Third, defendant argues he was improperly denied an evidentiary hearing to establish his entitlement to relief. He is mistaken. After counsel is appointed, the trial court may look at the record of conviction to determine if the petition is clearly without merit. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971.) If the record of conviction contains facts refuting the petition's allegations, then the court is justified in making a finding that the petition does not pass prima facie muster. (*Id*. at p. 971.) We review a trial court's determination whether a petition has made a prima facie showing using a de novo standard because it is predominately a legal question, requiring us to apply the section 1170.95, subdivision (c) standard governing prima facie entitlement to relief. (*People v. Arias* (2021) 66 Cal.App.5th 987, 999, review granted Sep. 29, 2021, S270555.)[2]

In applying that standard here, we accept the petition's facts as true but evaluate them in light of facts readily ascertainable from the record of conviction, including our opinion in *Martinez I*, *supra,* E033679. (*Arias*, *supra*, 66 Cal.App.5th at p. 999.) The record of conviction clearly establishes that defendant was charged and convicted as the actual killer of the victim and, therefore, is not eligible for relief pursuant to section 1170.95 as a matter of law. (§ 1170.95, subd. (a); *People v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867.)

---

[2] Rule 8.1115(e)(1) of California Rules of Court permits us to rely on appellate opinions as persuasive authority while review by the Supreme Court is pending.

Defendant's fourth and final argument is that the trial court erred in denying his motion to correct his sentence to eliminate the additional time imposed due to the second strike because, under *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*), he is entitled to have a jury decide if the strike was a serious or violent felony.

*Gallardo* held that, when imposing additional punishment based upon a defendant's prior conviction, a sentencing court may not rely on its own independent review of a record to determine what conduct led to the prior conviction. (*Gallardo, supra,* 4 Cal. 5th at p. 136.) Rather, it must limit its inquiry to identifying those facts that were already necessarily found by a prior jury in rendering a guilty verdict or that were admitted by the defendant in entering a guilty plea. (*Ibid.*)

We note the issue whether *Gallardo* applies in a case like the present one, in which the conviction complained of is final, is pending before our Supreme Court. (Compare, e.g., *In re Haden* (2020) 49 Cal.App.5th 1091, review granted Aug. 12., 2020, S263261 [*Gallardo* does not apply retroactively to final convictions] with *In re Brown* (2020) 45 Cal.App.5th 699, review granted June 10, 2020, S261454 [*Gallardo* does apply retroactively].)

Here, it matters not whether *Gallardo* is retroactive because it provides no relief for defendant. When he pled guilty to a felony violation of subdivision (a)(1) of section 245 in October 1999, defendant admitted assaulting his victim by means of force likely to produce great bodily injury. He entered the plea with the express understanding that the conviction constituted a "strike" under section 1192.7, subdivision (c)(8). That

subdivision provides in relevant part that any felony in which the defendant personally inflicts great bodily injury on another person is a "serious felony." Accordingly, and contrary to defendant's claim on appeal, when he was sentenced in the present case in 2003, the trial court did not err in finding the prior strike was a serious or violent felony.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106 and in keeping with *People v. Gallo* (2020) 57 Cal.App.5th 594, we have independently reviewed the record for potential error and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

FIELDS
J.

8